O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01547-AHM (RZx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | NICK STATHES v. ACOSTA SALES AND MARKETING, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

This action was originally filed in Los Angeles County Superior Court on March 25, 2010. Plaintiff served Defendants on March 29, 2010. On February 22, 2011, Defendant Acosta, Inc. filed a Notice of Removal. Defendant Acosta, Inc. claims the delay in filing the Notice of Removal was justified because complete diversity of citizenship did not exist at the time of filing. NOR, ¶¶ 4,10. While the case still was in state court, Plaintiff dismissed the non-diverse defendants from the action. NOR, ¶ 10.

Defendant alleges that what now remains of this action originally could have been brought in federal court based on diversity jurisdiction, and that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(b).

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

As a threshold inquiry, an action may be removed only if the federal court could have exercised original jurisdiction — that is, the action could have been filed in federal court. *See Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

   **1.**     **Plaintiff's citizenship**

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01547-AHM (RZx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | NICK STATHES v. ACOSTA SALES AND MARKETING, et al. | | |

A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Although Defendant alleges that the Court has original jurisdiction over this action because the parties meet the requisite diversity of citizenship, Defendant must allege the citizenship of the Plaintiff. *See* 16 MOORE'S FEDERAL PRACTICE, § 107.14[2][b] (3d ed. 2003). To be "a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (emphasis in original). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

While Defendant alleges it is a Delaware corporation with corporate headquarters in Florida, NOR ¶ 13a, the Complaint alleges that Plaintiff *resides* in California, but not that he is domiciled there. NOR Exh. A, Compl. ¶ 1. Although his California domicile might be inferred, it must be alleged.

2.  **Amount in Controversy**

Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where the complaint on its face does not allege damages in excess of $75,000, it is a defendant's burden to show that the claim meets the jurisdictional minimum. *Gaus*, 980 F.2d at 567. This burden is not met by mere conclusory allegations; the defendant must prove existence of the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In this regard, the defendant must set forth, "in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567.

Here, Plaintiff has not alleged a specific amount in controversy. Defendant has not established the existence of the jurisdictional amount by a preponderance of the evidence. NOR, ¶13d.

3.  **Conclusion**

On the face of the complaint, therefore, it does not appear that removal was proper

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01547-AHM (RZx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | NICK STATHES v. ACOSTA SALES AND MARKETING, et al. | | |

in this case. The Court hereby ORDERS Defendant to SHOW CAUSE by March 11, 2011, why this action should not be remanded to state court.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO |  |